UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

BILLY JOE SCOTT,

    Plaintiff,

V.

J. LOTT, et al.,

    Defendant.

Civil Action No. 7: 18-014-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Billy Joe Scott is an inmate confined at the United States Penitentiary ("USP") Lewisburg in Lewisburg, Pennsylvania. Proceeding without an attorney, Scott has filed a civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) in which he alleges that defendants violated his constitutional rights while Scott was confined at United States Penitentiary-Big Sandy ("USP-Big Sandy") in Inez, Kentucky. [R. 1]

The Court must conduct a preliminary review of Scott's complaint because he has been granted permission to pay the filing fee in installments [R. 6] and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Scott's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Scott's complaint stems from sanctions imposed by defendant J. Lott, a Disciplinary Hearing Officer ("DHO"), after Scott was found guilty of possession of a weapon. According to a portion of the DHO report attached to Scott's complaint [R. 1-1],[1] a disciplinary hearing was held after Scott was involved in an altercation on September 19, 2017 involving another inmate on the outside recreation yard. According to the report, after considering the evidence presented at the hearing, the DHO concluded that Scott committed the prohibited act of possession of a weapon and imposed various sanctions, including a disallowance of 41 days of Good Conduct Time ("GTC") and a monetary fine of $200.00. [R. 1-1].

In his complaint, Scott alleges that the sanctions imposed by Lott were imposed in violation of his Sixth Amendment "right to jury trial and counsel of choice, and without any judicial authority," as well as in violation of his Eighth Amendment right to be free from cruel and unusual punishment and the Fifth Amendment double jeopardy clause [R. 1 at p. 5, 8] He alleges that defendant Warden Gregory Kizziah then froze Scott's "entire account, and [made] the Excessive $200.00 fine payable to his institution U.S.P. Big Sandy," depriving Scott of property without due process of law and infringing upon his right to access the courts. [R. 1 at p. 5] Scott's "right to access the courts" claim stems from the dismissal of a habeas corpus petition filed by Scott pursuant to 28 U.S.C. § 2241 for failure to pay the filing fee. [R. 1 at p. 9-10, referencing *Scott v. Kizziah*, No. 7:17-cv-182-KKC (E.D. Ky. 2017)]. Scott also alleges that Kizziah's conduct violated the Eighth Amendment because it is resulted in Scott's inability to communicate with his family and purchase necessary hygiene items. [R. 1 at p. 9] Finally, Scott alleges that defendant

---

[1] Although the sufficiency of the complaint is generally tested with reference only to the face of the complaint itself, *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013), the Court may consider a document attached to the complaint in determining whether dismissal is proper. *Cates v. Crystal Clear Techs., LLC,* 874 F.3d 530, 536 (6th Cir. 2017) (citations omitted). "Further, '[w]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.'" *Id*. (quoting *Williams*, *Williams v. CitiMortgage, Inc.*, 498 F. App'x. 532, 536 (6th Cir. 2012) (per curiam)).

2

Matthew Mellady, Regional Counsel for the BOP, showed "deliberate indifference in violation of the Eighth Amendment by not acting when the National Constitution required him to Act." [R. 1 at p. 6] Scott's complaint states that he is suing each defendant in their official capacities only and seeks $10,000,000.00 in money damages. [R. 1 at p. 2-3, 13]

However, the Court must dismiss Scott's complaint for failure to state a claim. A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

First, although Scott seeks monetary relief, he admits that he has sustained no physical injuries as a result of the alleged violations of his constitutional rights. Indeed, he states "[n]o physical injuries only property damage for deprivation of my constitutional rights (which are my property), which is a Federal Crime under Title 18 of the United States Code!" [R. 1 at p. 12]. However, under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act ." 42 U.S.C.A. § 1997e(e). *See also Minneci v. Pollard*, 565 U.S. 118, 129, 132 S. Ct. 617, 625, 181 L. Ed. 2d 606 (2012) ("Prisoners bringing federal lawsuits...ordinarily may not seek damages for mental or emotional injury unconnected with physical injury.")(citing 42 U.S.C. § 1997e(e)).

Moreover, in his complaint, Scott sues each of the individual federal employees in their official capacities only. [R. 1 at p. 2-3] A suit against a government employee in his or her "official capacity" is not a suit against the employee for his or her conduct while performing job duties for the government. It is, in fact, a suit against the government agency that employs the individual. Thus, an official capacity suit against a Bureau of Prisons ("BOP") employee is a suit against the BOP, which is a federal agency. While *Bivens* authorizes suits against federal employees for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). Because Scott makes clear that his claims are against defendants in their official capacities only, these claims must be dismissed.

Finally, it is evident from the face of Scott's complaint that he has failed to exhaust his available administrative remedies, as is required before a prisoner may bring a *Bivens* claim in federal court. 42 U.S.C. § 1997e(a); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999). The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days. 28 C.F.R. § 542.13, 542.14(a). If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a). *See* BOP Program Statement 1300.16.

Here, Scott affirmatively states that he did not file a grievance related to his complaint [R. 1 at p. 14] Scott explains that he did not file a grievance because "[p]rison grievance procedure

4

does not allow you to ask for monetary damages for deprivation of constitutional guarantees, nor does it correct the wrong," and that "[t]he D.O.J. civil division said constitutional claims are not cognizable under the FTCA's jurisdictional provision." [R. 1 at p. 16] He also attaches a letter from the BOP's Regional Counsel denying an administrative tort claim he filed with the BOP pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672, *et seq.*, based on Scott's allegations that he was deprived of the right to receive mail as protected by the First Amendment and that he was denied due process. [R. 1-4]

It is not clear whether there is any factual overlap between the claims giving rise to Scott's FTCA claim that he previously attempted to pursue and the *Bivens* claims that he asserts here. However, even if there were, a *Bivens* claim and a FTCA claim are separate and distinct claims, each with their own administrative remedy procedures. The *Bivens* doctrine allows a federal prisoner to bring a money-damages suit against federal officers who violated certain constitutional rights. *Carlson v. Green*, 446 U.S. 14 (1980). *See also* 42 U.S.C. § 1983 (providing redress for violations of an injured party's constitutional rights). In contrast, the FTCA constitutes a limited waiver of the United States' sovereign immunity for the negligence of government employees. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Thus, whether or not Scott exhausted his administrative remedies with respect to his FTCA claim has no bearing on whether or not he exhausted his administrative remedies with respect to his *Bivens* claims asserted here. *Brockett v. Parks,* 48 F.App'x. 539, 541 (6th Cir.2002). *See also Clay v. United States,* 05–CV–599–KKC, 2006 WL 2711750, at * 12 (E.D.Ky. Sept. 21, 2006) ("The fact that Plaintiff fully exhausted his FTCA claim did not relieve him of his duty to fully exhaust his *Bivens* claims.").

Contrary to Scott's apparent belief based on his experience with his FTCA claim, "so long as the prison system has an administrative process that will review a prisoner's complaint even

5

when the prisoner seeks monetary damages, the prisoner must exhaust his prison remedies." *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). Indeed, the exhaustion "requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available; even when the state cannot grant the particular relief requested; and 'even where [the prisoners] believe the procedure to be ineffectual or futile ....'" *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal citations omitted) (quoting *Pack v. Martin*, 174 Fed.Appx. 256, 262 (6th Cir. 2006)).

Here, Scott clearly states that he did not file a grievance with respect to the *Bivens* claims he attempts to assert here. [R. 1 at p. 14] Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules...," *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), Scott's admitted failure to comply with the BOP's administrative process establishes that he failed to properly exhaust his administrative remedies before filing this lawsuit.

It is true that exhaustion is an affirmative defense, thus a court may not deny a habeas petition upon initial screening merely because the petitioner "fail[s] to plead or attach exhibits with proof of exhaustion," to his or her petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Here, however, Scott concedes in his petition that he has failed to pursue his administrative remedies through the BOP with respect to his *Bivens* claim. [R. 1 at p. 14] The case law is clear and uniform that where such a defect is apparent from the pleading itself, it may be dismissed without prejudice upon initial review. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (district court can dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense). *See also Barnett v. Laurel Cty., Kentucky*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017) ("[S]ua sponte dismissal may be appropriate where the prisoner's failure to exhaust is obvious from the face of the complaint.")(citing *Carbe v. Lappin*,

6

492 F.3d 325, 328 (5th Cir. 2007) (other citations omitted)); *Fletcher v. Myers*, No. 5:11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis.").

For all of these reasons, Scott's complaint will be dismissed without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Scott's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Any pending requests for relief, including Scott's motion for summary judgment [R. 7], are **DENIED AS MOOT**.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This action is **STRICKEN** from the Court's docket.

Dated June 29, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY